IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GALE JOSEPH YOUNG,<br><br>    Plaintiff,<br>  v.<br><br>ERIC HOLDER, et al.,<br><br>    Defendant.<br>_____/ | No. C-15-1446 MMC (PR)<br><br>**ORDER DISMISSING COMPLAINT; AFFORDING PLAINTIFF LIMITED LEAVE TO AMEND** |

Before the Court is plaintiff Gale Joseph Young's ("Young") "Complaint Under the Civil Rights Act," filed March 30, 2015,[1] by which Young seeks relief against eight officials or employees of federal agencies and two employees of a municipal agency. Having read and considered the complaint, the Court rules as follows.

By separate order filed concurrently herewith, the Court has granted Young's application to proceed in forma pauperis. Where, as here, a party proceeds in forma pauperis, the district court "shall dismiss the case" if the plaintiff "fails to state a claim on which relief may be granted," see 28 U.S.C. § 1915(e)(2)(B)(ii), or "seeks monetary relief against a defendant who is immune from such relief," see 28 U.S.C. § 1915(e)(2)(B)(iii). Likewise, where, as here, a prisoner[2] "seeks redress from . . . [an] officer or employee of a

---

[1] On May 14, 2015, the above-titled action was reassigned to the undersigned.

[2] At the time plaintiff filed the instant complaint, plaintiff was incarcerated in the San Francisco County Jail.

governmental entity," see 28 U.S.C. § 1915A(a), the court "shall . . . dismiss the complaint, or any portion of the complaint, if the complaint – (1) . . . fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief," see 28 U.S.C. § 1915A(b).

In his complaint, Young alleges his civil rights were violated in the course of a federal criminal prosecution, specifically, United States v. Young, CR 08-0502 MMC,[3] and has named as defendants ten individuals (see Compl. at 2-3), from whom he seeks "punitive damages" and "supervision relief" (see Compl. at 3). For the reasons stated below, the Court finds the complaint is subject to dismissal in its entirety.

At the outset, the Court finds Young's claim for "supervision relief" fails to state a claim against any defendant named herein. As noted, the indictment in United States v. Young was dismissed, and, consequently, to the extent Young presently is subject to "supervision," it is not the result of United States v. Young. To the extent Young presently is subject to a term of supervised release imposed by a federal court, Young must seek relief from the court that imposed such term. See 18 U.S.C. § 3583(e)(1). To the extent Young's reference to "supervision" pertains to a restriction imposed by a state court, Young may only seek relief in federal court by filing an application for a writ of habeas corpus, see 28 U.S.C. § 2254(a), against the "state officer who has custody," see Fed. Rules Governing § 2254 Cases, Rule 2(a), after he has exhausted the remedies available in state court, see 28 U.S.C. § 2254(b)(1)(A).

Accordingly, Young's claim for "supervision relief" will be dismissed, without leave to amend and without prejudice to pursuing said claim in an appropriate forum.

The Court next addresses Young's claims for monetary relief.

First, Young seeks monetary relief from former United States Attorney General Eric

---

[3] On October 27, 2011, a jury found Young guilty of possessing crack cocaine with the intent to distribute, in violation of 21 U.S.C. § 841, and, on February 27, 2012, judgment was entered. On April 24, 2014, the Court of Appeals for the Ninth Circuit reversed the judgment and remanded the matter for retrial. The matter was not retried, however, as, on August 12, 2014, the indictment was dismissed on motion of the government.

Holder, United States Attorney Melinda Haag, erroneously sued as "Melinda Haggen," and four Assistant United States Attorneys, specifically, William Frentzen, erroneously sued as "William Frantzen," Robert Rees, Acadia Senese, and Kathryn Haun.  With respect to each of those six defendants, Young alleges, in full, the following:  "Federal prosecutors violated my civil rights by committing outrageous misconduct to convict me in U.S. v. Young because I refused to be an investigating informant for the FBI and U.S. Attorney Office."  (See Compl. at 3.)  Such claim is subject to dismissal without leave to amend, however, as a prosecutor is entitled to absolute immunity from suit for claims for damages based on "initiating a prosecution" or "presenting the [government's] case," see Imbler v. Pachtman, 424 U.S. 409, 431 (1976); such immunity is not defeated by Young's allegation that the prosecutors had a retaliatory motive, as "[t]he intent of the prosecutor when performing prosecutorial acts plays no role in the immunity inquiry," see McCarthy v. Mayo, 827 F.2d 1310, 1315 (9th Cir. 1987).

Second, Young seeks monetary relief from two peace officers employed by the San Francisco Police Department, specifically, Kirk Edison and Rick Yic.  With respect to each of those two defendants, Young alleges, in full, the following:  "[They] gave false information and testimony in prosecuting U.S. v. Young."  (See Compl. at 3.)  To the extent the claim is based on testimony given before the grand jury or at trial, the claim is subject to dismissal without leave to amend, as witnesses in criminal cases are entitled to absolute immunity from civil liability.  See Rehberg v. Paulk, 132 S. Ct. 1497, 1506 (2012) (holding "grand jury witness has absolute immunity from any [42 U.S.C.] § 1983 claim based on the witness' testimony," as well as any claim alleging witness "conspired to present false testimony"); Briscoe v. LaHue, 460 U.S. 325, 327-28, 345-46 (1983) (holding trial witnesses entitled to "absolute immunity from civil liability based on their testimony"; affirming dismissal of claim that police officers gave "false testimony" during plaintiff's criminal trial).  To the extent the claim is based on "false information," the claim is subject to dismissal as Young has not alleged any facts to suggest what conduct, other than testimony, he may be challenging.  See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)

3

(holding complaint fails to state claim on which relief may be granted, where complaint lacks "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged").  The Court will, however, afford Young leave to amend to allege, if he can do so, facts specifying any other means by which such allegedly "false information" was conveyed.

Third, Young seeks monetary relief from two special agents employed by the Federal Bureau of Investigation, specifically, Michael Bergh, erroneously sued as "Mikael Bergh," and Brian Gilhooly.  With respect to each of those two defendants, Young alleges, in full, the following:  "[They] knowingly indicated [sic] me with drugs I did not possess -- in efforts to make me coroberator [sic] in the murder of Charles Holden a federal informant."  (See Compl. at 3.)  As discussed above, to the extent the claim is based on testimony given before the grand jury or at trial, such defendants are entitled to absolute immunity, and the claim is subject to dismissal without leave to amend.  See Rehberg, 132 S. Ct. at 1506; Briscoe, 460 U.S. at 345-46.  To the extent the claim may be based on conduct other than testimony, the Court will afford Young the opportunity to allege other conduct he may be challenging.  See Iqbal, 556 U.S. at 678.

## CONCLUSION

For the reasons stated above, Young's complaint is hereby DISMISSED.

If Young wishes to file a First Amended Complaint, he shall do so no later than August 21, 2015.

**IT IS SO ORDERED.**

Dated:  July 17, 2015

_____
MAXINE M. CHESNEY
United States District Judge

4